JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARD WISNER

### DEFENDANTS
GROSFILLEX, INC.

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kitay Law Offices
1810 Union Blvd., Allentown, PA 18109 (610) 776-1700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq.
Brief description of cause:
ADEA Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  
DOCKET NUMBER  

DATE: 10/14/2020

SIGNATURE OF ATTORNEY OF RECORD
*William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| EDWARD WISNER | : | CIVIL ACTION |
| v. | : | |
| GROSFILLEX, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 10/14/2020 | William P. Mansour, Esq. | Plaintiff Edward Wisner |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 776-1700 | (484) 650-3200 | wmansour@kitaylegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **114 Omega Circle, Wernersville, PA 19565**

Address of Defendant: **230 Old West Penn Ave., Robesonia, PA 19551**

Place of Accident, Incident or Transaction: **Robesonia, Berks County, Pennsylvania**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/14/2020**   *William P. Mansour*   **318833**
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  *Federal Question Cases:***
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **William P. Mansour**, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: **10/14/2020**   *William P. Mansour*   **318833**
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| EDWARD WISNER, | ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) ) | |
| GROSFILLEX, INC., | ) ) | CIVIL ACTION – LAW |
| Defendant. | ) ) ) | |

**COMPLAINT**

NOW COMES, Plaintiff EDWARD WISNER ("Plaintiff"), by and through his undersigned counsel, who hereby complains against Defendant GROSFILLEX, INC. ("Defendant") as follows:

**INTRODUCTION**

1. This age employment discrimination action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). Specifically, as set forth in more detail herein, Plaintiff alleges that he was demoted and then permanently laid off because of his age in violation of the ADEA.

**PARTIES**

2. Plaintiff is an adult individual currently residing in New Berlinville, Berks County, Pennsylvania.

3. Defendant is a global manufacturer, seller, and distributor of residential and commercial resin products. Defendant is a Delaware for-profit corporation with its North American headquarters located at 230 Old West Penn Ave., Robesonia, PA 19551. At all times

relevant and material hereto, Defendant regularly employed at least of fifteen (15) employees for each working day of at least twenty (20) calendar weeks in 2020 and 2019.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred within this district.

6. On July 10, 2020, Plaintiff timely filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

7. This action is being commenced more than sixty (60) days after Plaintiff filed his Charge of Discrimination with the EEOC.

8. Plaintiff has satisfied all conditions precedent to the initiation of this action.

## FACTUAL ALLEGATIONS

9. Defendant hired Plaintiff in May 1984 as a full-time employee. During Plaintiff's nearly 36 years as an employee, Defendant promoted him on several occasions due to his knowledge, skill, and dedication. Plaintiff received his most recent promotion to "Logistics Manager" in 2002.

10. As a Logistics Manager, Plaintiff was responsible for directing and supervising the work of several "Logistics Coordinators." From 1988 through 2002, Plaintiff reported to Logistics Manager, Ron Johnson. After receiving his promotion in 2002 through 2016, Mr. Wisner reported directly to Dan Yearick.

11. In 2017, Defendant appointed Carlos Marin as CEO of its North American consumer products division. Upon assuming the position of CEO, Mr. Marin asked Defendant's

Human Resources Director to provide him with the ages of all long-time employees. Upon information and belief, Mr. Marin received this information.

12. Once in the position, Mr. Marin consolidated three (3) of Defendant's departments – Logistics, Customer Service, and IT – under a single unit called "Services." Mr. Marin appointed David Sarge to be "Director of Services." As a Logistics Manager in the Logistics Department, Plaintiff began reporting directly to David Sarge until August 2019.

13. In August 2019, Defendant's new American CEO, Frans Govers, named Gene Hracho as Director of Operations. As Director of Operations, Mr. Hracho was responsible for directing and supervising the Logistics Department, among others. From that point forward, Plaintiff reported to, and was directly supervised by, Mr. Hracho.

14. As of January 2019, there were only three (3) employees in the Logistics Department: Plaintiff and two Logistics Coordinators, Mr. Joe Esteves, and Ms. Jennifer Sarabia. As Logistics Manager, Plaintiff was responsible for supervising and directing the work of Mr. Esteves and Ms. Sarabia.

15. During the first half of 2019, the Logistics Department had some difficulty keeping up with its workload. The primary cause of these difficulties was the fact that the Logistics Department was significantly understaffed. Specifically, Ms. Sarabia was absent on intermittent medical leave for at least 25 days between February and June 2019. As far as Mr. Esteves was concerned, he was a non-exempt employee and never worked overtime, even if there was work to be completed. This resulted in a backlog of work to be performed.

16. Defendant claimed at the time, however, that the primary impetus behind the Logistics Department's decrease in productivity was that Plaintiff "did not have the technical

3

skills" to perform many of Ms. Sarabia's job functions in her absence. Plaintiff's alleged lack of "technical skills" was merely a euphemism for his older age.

17. On October 2, 2019, a mere five (5) weeks after he became Plaintiff's direct supervisor and without sufficient time to observe Plaintiff's work product, Mr. Hracho placed Plaintiff on a 45-day Performance Improvement Plan ("PIP"). At the time, Plaintiff was sixty (60) years of age. The purported reason for the PIP was Plaintiff's alleged failure to "create a Department that endeavors to provide prompt and thorough service."

18. Mr. Hracho claimed that his decision was based on "a series of interviews about [Plaintiff's] performance and the work of the Logistics Department" as well as his "own personal experience." This reason is pre-textual for two (2) reasons: (1) Mr. Hracho only directly supervised Plaintiff for five (5) weeks before placing him on a PIP and, therefore, did not have enough "personal experience" to judge Plaintiff's job performance; and (2) based on Plaintiff's conversations with many of the people to whom Mr. Hracho claimed to have spoken, some of them said they never spoke to Mr. Hracho while other stated they did not speak negatively of Plaintiff or his work performance and complained to Mr. Hracho primarily about the shortage of staff in the Logistics Department.

19. At no point in his 35 years of service to Defendant was Plaintiff ever placed on a PIP. In fact, throughout his tenure with Defendant, Plaintiff received numerous promotions and raises as well as regular, above-average performance evaluations.

20. As part of Defendant's performance evaluations, the manager or supervisor performing the review must numerically rate employee performance in several categories on a 1-4 scale. Likewise, the employee being reviewed must also rate themselves in the same categories using the same 1-4 scale.

21. When it came time for Plaintiff's performance review at the end of October 2019, Plaintiff completed his portion of the review form and rated himself "3" in each of the ten (10) categories, giving him a cumulative score of "30." This cumulative score was equal to the score Plaintiff received on his 2018 annual performance review. When Plaintiff provided his review to Mr. Hracho for completion, Mr. Hracho told Plaintiff that he scored himself too high and directed him to reduce his own scores. Mr. Hracho further told Plaintiff that, if he failed to reduce his own scores, there "would be consequences" because it was an "obvious sign" that he "did not understand the importance of" the PIP.

22. Out of fear of losing his job given Mr. Hracho's comments, Plaintiff reduced his scores in several areas, such that his cumulative score decreased to "24." On or about October 30, 2019, Mr. Hracho completed his numerical scoring of Plaintiff's job performance, which resulted in a cumulative score of "20." Mr. Hracho also commented that Plaintiff was not living up to Defendant's expectations for its "senior" managers.

23. On December 4, 2019, the day after Plaintiff's PIP was completed, Defendant, through Mr. Hracho, demoted Plaintiff to the position of "Logistics Coordinator," effective immediately. Defendant, through Mr. Hracho, made the decision to demote Plaintiff well before his PIP was completed. In addition, as part of Plaintiff's demotion, Defendant, through Mr. Hracho, substantially reduced Plaintiff's salary from $3,156.00 bi-weekly to $2,2442.30 bi-weekly.

24. Following Plaintiff's demotion, Defendant assigned all of Plaintiff's job duties to Olivier Guichard, Defendant's Supply Chain Manager. Thus, Mr. Guichard became the *de facto* Logistics Manager. What is more, Plaintiff, who was allegedly incompetent and bad at his job, was tasked with training Mr. Guichard since Mr. Guichard had no prior logistics experience.

25. At the time he was assigned Plaintiff's job duties, Mr. Guichard was under 40 years of age and was substantially younger than Plaintiff.

26. To date, Defendant has not hired a permanent Logistics Manager to replace Plaintiff and the position of Logistics Manager remains vacant.

27. After his demotion to Logistics Coordinator, Defendant assigned Mr. Esteves to train Plaintiff in the "technical skills" he needed to perform his new job. According to Defendant, Plaintiff allegedly had difficulty learning these new "technical skills."

28. Defendant demoted Plaintiff to the position of Logistics Coordinator with the expectation that Plaintiff would have difficulty learning the new "technical skills" the job required since Defendant demoted him, in part, because of his lack of "technical skills."

29. On or about March 23, 2020, amid the COVID-19 pandemic, Defendant laid off or furloughed a number of employees, including Plaintiff.

30. Later in May 2020, many of the employees who were laid off or furloughed were recalled by Defendant. Plaintiff, however, was not recalled.

31. Almost all of the employees who were recalled back were substantially younger than Plaintiff, including Ms. Sarabia.

32. On May 15, 2020, Plaintiff emailed Mr. Hracho to ask what his status was and whether and when he can expect to return to work. Mr. Hracho replied that Plaintiff was permanently laid off and should not expect to be called back to work.

33. Mr. Hracho was the person who decided to permanently lay off and discharge Plaintiff.

34. Mr. Hracho decided that Plaintiff's lay off would be permanent as early as March 20, 2020.

6

## COUNT I
### DISCRIMINATORY DEMOTION IN VIOLATION OF
### 29 U.S.C. § 623(a)(1), THE AGE DISCRIMINATION IN EMPLOYMENT ACT

35. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

36. At all times relevant and material hereto, Plaintiff was 60 years of age.

37. At the time of his demotion, Plaintiff was qualified for the position of Logistics Manager and was performing his job duties satisfactorily.

38. On December 4, 2019, Defendant, through Mr. Hracho, demoted Plaintiff from his position as Logistics Manager to the position of Logistics Coordinator. As a result, Defendant, through Mr. Hracho, substantially reduced Plaintiff's salary from $3,156.00 bi-weekly to $2,2442.30 bi-weekly.

39. Following his demotion, Plaintiff's job duties as Logistics Manager were assigned to Mr. Guichard, who was substantially younger than Plaintiff.

40. From the date of Plaintiff's demotion through the present, the position of Logistics Manager has remained vacant.

41. Plaintiff was purportedly demoted for his lack of "technical skills" and his alleged failure to live up to Defendant's expectations for its "senior" managers. These purported reasons are merely euphemisms for Plaintiff's older age.

42. Defendant demoted Plaintiff because of his age.

43. Defendant's decision to demote Plaintiff was not based on any reasonable factor other than Plaintiff's age.

44. Defendant demoted Plaintiff intentionally and/or in reckless disregard for Plaintiff's rights under federal law.

45. As a direct and proximate result of Defendant's decision to demote him, Plaintiff suffered past and future lost wages and loss of earning capacity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant and award the following relief:

a. All back pay from December 4, 2019 through the date of judgment, plus pre- and post-judgment interest;

b. Front pay from the date of judgment through a date deemed equitable and just by the court;

c. Liquidated damages in an amount equal to the back pay award;

d. All costs and reasonable attorney's fees; and

e. Any other relief deemed proper and just.

## COUNT II
## DISCRIMINATORY DISCHARGE IN VIOLATION OF
## 29 U.S.C. § 623(a)(1), THE AGE DISCRIMINATION IN EMPLOYMENT ACT

46. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

47. On or about March 23, 2020, Plaintiff was permanently laid off and discharged from his position as Logistics Coordinator.

48. At the time of his permanent lay off, Plaintiff was qualified for the position of Logistics Coordinator and was performing his job duties satisfactorily.

49. Following its series of layoffs, Defendant recalled many laid off employees who were substantially younger than Plaintiff, including Ms. Sarabia.

50. Upon her recall, Ms. Sarabia was the only Logistics Coordinator working for Defendant.

51. According to Defendant, Ms. Sarabia was recalled instead of Plaintiff because she was more skilled in the Logistics Coordinator position. But Defendant demoted Plaintiff to the Logistics Coordinator position based on his alleged lack of "technical skills" and, therefore, it set Plaintiff up to fail by demoting him to a position that it believed he did not have the skills to perform.

52. Defendant permanently laid off and discharged Plaintiff because of his age.

53. Defendant's decision to permanently lay off and discharge Plaintiff was not based on any reasonable factor other than Plaintiff's age.

54. Defendant discharged Plaintiff intentionally and/or in reckless disregard for Plaintiff's rights under federal law.

55. As a direct and proximate result of Defendant's decision to discharge him, Plaintiff suffered past and future lost wages and loss of earning capacity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant and award the following relief:

    a. All back pay from March 20, 2020 through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. Liquidated damages in an amount equal to the back pay award;

    d. All costs and reasonable attorney's fees; and

    e. Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff EDWARD WISNER demands a trial by jury for all claims so triable.

*Respectfully Submitted*,

**KITAY LAW OFFICES**

Date: October 14, 2020  BY:  */s/ William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Kitay Law Offices**
1810 Union Blvd.
Allentown, PA 18109
P: (610) 776-1700
Email: wmansour@kitaylegal.com

Attorney for Plaintiff Edward Wisner